**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AMERICAN ALLIANCE FOR EQUAL RIGHTS,

*Plaintiff,*

v.

AMERICAN BAR ASSOCIATION,

*Defendant.*

Case No. 25-cv-3980

**PLAINTIFF'S NOTICE REGARDING DEFENDANT'S
CHANGES TO THE CHALLENGED SCHOLARSHIP**

The ABA has apparently changed the scholarship that the Alliance challenges here: Instead of requiring applicants to "be a member of an underrepresented racial and/or ethnic minority," the program now requires applicants to "have demonstrated a strong commitment to advancing diversity, equity, and inclusion (DEI)." *Compare* Am.-Compl. (Doc. 19) ¶2, *with Legal Opportunity Scholarship*, ABA, perma.cc/FV3J-NTLD (archived Oct. 31, 2025). According to web-archiving tools, the ABA made this change no later than October 9, 2025. Yet the Alliance can find no public announcement. And the ABA never told the Alliance—or the Court—about it.

As the party in the best position to know that it changed its own program, the ABA's "counsel" had "the duty" to "bring to the federal tribunal's attention, *without delay*, facts that may raise a question of mootness." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (cleaned up). Yet the ABA has not alerted the Court to this change. It has not done so even though the ABA filed a notice of supplemental authority about something else on October 15—nearly a week *after* it changed the scholarship. *See* ABA-*Saadeh*-Notice (Doc.31).

If the ABA thinks this change does not moot anything, the Alliance agrees. The ABA's changes cannot moot the Alliance's backward-looking request for nominal damages. Am.-Compl. ¶63(D); *see, e.g.*, *Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 821-22 (7th Cir. 2024). And these post-lawsuit changes would fail the test for mootness by voluntary cessation on many

1

grounds—the simplest being the ABA's apparent decision not to alert this Court or try to carry its burden under the stringent voluntary-cessation standard. *Golden v. City of Columbus*, 404 F.3d 950, 963 n.10 (6th Cir. 2005). Should the ABA file a motion to dismiss based on mootness, the Alliance will make these points and more in response.

The ABA's changes do highlight the weakness of its First Amendment defense, though. In its motion to dismiss, the ABA said that the scholarship's outright bar on white students reflected one of its "core beliefs," and that eliminating the bar would "'impair its expression'" and hinder its advocacy "for diversity and inclusion in the legal profession." ABA-*Saadeh*-Notice 1; MTD-Reply (Doc.30) at 13; MTD (Doc.24-1) at 15. The Alliance responded that the racial bar is not a sincere part of the ABA's expression, and that prohibiting this discrimination would not affect the ABA's advocacy or beliefs. MTD-Opp. (Doc.29) at 19-20. The ABA's recent changes to the scholarship suggest that it agrees.

Dated: October 31, 2025

Respectfully submitted,

/s/ Cameron T. Norris

Adam K. Mortara**
  (TN Bar No. 40089)
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

Thomas R. McCarthy*
Cameron T. Norris*
Matt Pociask**
Julius Kairey*
R. Gabriel Anderson*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
matt@consovoymccarthy.com
julius@consovoymccarthy.com
gabe@consovoymccarthy.com

*pro hac vice
**member of N.D. Ill.

2

**CERTIFICATE OF SERVICE**

On October 31, 2025, I e-filed this this document with the Court, which automatically

emailed everyone requiring service.

*/s/ Cameron T. Norris*
Counsel for Plaintiff